| 92 | 497 |
| 112 | 243 |

[No. 13952.   Department Two. — December 29, 1891.]

## SIMON BLUM, RESPONDENT, *v.* WILLIAM McHUGH, CONSTABLE, ETC., APPELLANT.

NEW TRIAL — INSUFFICIENCY OF EVIDENCE — DISCRETION — APPEAL. — An order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict will not be reversed on appeal, unless there has been a manifest abuse of discretion on the part of the trial judge in making the order.

LANDLORD AND TENANT — TITLE TO CROPS — ATTACHMENT — REPLEVIN. — In an action by the assignee of a lessor against a constable, claiming under a writ of attachment against the lessees, to recover hay on the farm leased, where the rights of the assignee depend upon a provision in the lease that the title and right of possession of all crops should remain in the lessor until the rent should be paid, if it appears that the assignee of the lessor had in his possession more than enough hay delivered to him by the lessees to pay all rent due, he can claim no ownership or lien upon the hay remaining on the farm, and cannot recover, regardless of whether the constable had a valid writ of attachment or was a mere trespasser.

APPEAL from an order of the Superior Court of Contra Costa County granting a new trial.

The facts are stated in the opinion of the court.

*Chase, Chase & Miller*, for Appellant.

*W. S. Tinning*, for Respondent.

McFARLAND, J. — This is an appeal by defendant from an order of the court below setting aside a verdict and

judgment in favor of defendant and granting a new trial. The new trial appears to have been granted upon the ground of insufficiency of the evidence to support the verdict; and in such a case we do not disturb the ruling, unless where there has been a clear abuse of discretion.

The action was to recover certain hay on a farm that had been leased by Stewart, the owner of the farm, to Chubbuck & Son. The defendant, McHugh, who was a constable, claimed to have taken the hay by virtue of a writ of attachment against said Chubbuck at the suit of one McHarry. Stewart had assigned the lease and all rights which he had under it to the plaintiff, Blum. The lease provided that " the title to and right of possession of all crops " on the farm " shall be in " the lessor, Stewart, until the rent shall be paid. The whole amount of rent which Chubbuck was to pay was $950; and it seems from the evidence — stated in the opinion of the court when granting the new trial — that when this action was commenced the rent had all been paid except about $100, and that Blum had in his possession, in his warehouse, forty tons of the hay raised on the farm which Chubbuck had delivered to him. This forty tons would have been more than sufficient to pay the balance of the rent due.

The court seemed to lay some stress on the fact that the defendant (the constable) did not prove that he had a valid writ of attachment under which he acted. But in this case that matter was immaterial. If plaintiff owned the hay still on the farm, the defendant could not have legally taken it as the property of Chubbuck under any writ of attachment, however valid; and if the plaintiff did not own it, then he could not have reclaimed it, although the constable was a mere trespasser.

Whether or not plaintiff owned the hay still remaining on the land, or had any lien on it, depended upon the question whether or not the rent had all been satisfied. Plaintiff had another account against Chubbuck, in addition to the rent; and it seems that he (or the firm

of Blum Brothers) had also sued out a writ of attachment, intending to levy on the hay on the farm as the property of Chubbuck, but finding that McHarry's attachment was ahead of his, he fell back upon the theory of his ownership or lien under the lease. Now, whether the rent had been all satisfied, or whether some of the hay which Chubbuck had delivered to Blum, or the money arising from its sale, could have been and was rightfully applied on the other account, and not on the rent account, was a question about which there was conflict and confusion of evidence; and therefore upon *this* point we cannot say that the court abused its discretion in granting a new trial. If the fair understanding of the parties was, that the hay delivered by Chubbuck, and the proceeds of its sale, were to be applied *first* to the payment of the rent, and if, thus applying it, all the rent had been satisfied except about one hundred dollars, and Blum had still under his control at the warehouse sufficient hay to more than satisfy the balance of the rent due, then we do not see how he had any ownership of or lien upon the hay still remaining upon the farm. And in that event, it would make no difference whether or not the defendant acted under a valid writ of attachment. We have said this much in view of the probability of a new trial.

The order granting a new trial is affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.